UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C. GENE HALL, an individual,
FINANCIAL PLANNING COUNSELORS,
INC., a Michigan corporation, and THE
HALL FAMILY TRUST DATED MARCH
26, 1985, a Florida trust,                                               Case No. 02-70625

      Plaintiffs,                                                 Honorable Patrick J. Duggan

v.

JEFFREY C. FUREST, an individual,
WILLIAM F. FUREST, JR., an individual,
and FUREST, FUREST SERVICES, INC.
d/b/a FIRST FINANCIAL SERVICES,
jointly and severally,

      Defendants.
_____/

**OPINION AND ORDER
GRANTING DEFENDANTS' AMENDED MOTION TO
STRIKE PLAINTIFFS' EXPERT WITNESSES AND TO
PRECLUDE EXPERT TESTIMONY AT TRIAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 16, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Presently before the Court is Defendants' Amended Motion to Strike Plaintiffs' Expert Witnesses and to Preclude Expert Testimony at Trial. The Court held a hearing on this Motion on August 14, 2006.

In their Motion, Defendants argue that Plaintiffs failed to timely identify and/or produce any documents concerning Plaintiffs' claimed damages and prospective expert testimony at trial. At the hearing, Defendants indicated that their motion seeks to exclude not only the testimony of Plaintiffs' accounting/damages expert, but also Plaintiffs' insurance expert. Defendants argue that Plaintiffs' failure to comply with Fed. R. Civ. P. 26(a)(2) scheduling orders entered by this Court, and the Court's Order to Compel Answers to Interrogatories and Production of Documents, is without justification and has significantly prejudiced Defendants in both the preparation of their defense as well as in the potential cross examination of Plaintiffs and/or their experts.

In order to use expert testimony, Rule 26(a)(2)(B) "generally requires parties to make mandatory disclosures about their experts." *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). These disclosures must "be accompanied by a written report prepared and signed by the witness," and "the report shall contain a complete statement of all the opinions to be expressed and the basis and reasons" for the opinions. *Id.*; Fed. R. Civ. P. 26(a)(2)(B). Here, Plaintiffs have failed to disclose the identity of their expert witness for damages despite the fact that the Court's February, 23 2006, Amended Scheduling Order required the parties to list all witnesses by March 15, 2006. In addition, Plaintiffs have failed to submit any expert reports.

Failure to comply with Rule 26(a) gives rise to Fed. R. Civ. P. 37(c)(1), which "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts*, 325 F.3d at 782 (quoting *Vance v. United States*, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)). The

burden to prove harmlessness is on the potentially sanctioned party. *Id.*; *see also Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (noting that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless"). The Advisory Committee Notes to the 1993 Amendments to Rule 37 (including Rule 37(c)(1)), "strongly suggests that 'harmless' involves an honest mistake on part of a party coupled with sufficient knowledge on part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003); *Vance,* 1999 WL 455435, at *5.

Plaintiffs allege that they previously identified the expert they will rely upon at the time of trial in their Witness List and discovery responses. However, at this time, Plaintiffs have only identified a potential name and/or a potential company for an expert witness regarding damages. On October 31, 2005, Plaintiffs' Supplemental Witness List provided: "Glen Sheets and/or another as of yet identified representative of Stout Risius Ross" as one of ten witnesses. (Pls.' Resp., Ex. A at 2).

Plaintiffs have made no further mention and/or confirmation of Glen Sheets as their expert witness for damages. On January 5, 2006, Plaintiffs' Answers to Defendants' October 31, 2005, Interrogatories stated, "Stout Risius Ross, 32255 Northwestern Hwy., Ste. 201, Farmington Hills, Michigan 48334 – They, or another Company, will be retained to perform an expert analysis regarding Plaintiffs' damages," and further that "the Plaintiffs expect to rely on an expert witness yet to be hired to determine damages." (Pls.' Answers to Defs.' October 31, 2005, Interrogs. at 2, 8). Plaintiffs' Supplemental Answers to Defendants' October 31, 2005, Interrogatories, submitted January 16, 2006, simply restate the prior

3

answers provided in Plaintiffs' Answers to Defendants' October 31, 2005 Interrogatories. (*See* Pls.' Suppl. Answers to Defs.' October 31, 2005, Interrogs. at 3, 6, 10).

On December 1, 2005, Defendants filed a Motion to Compel Answers to Interrogatories and Production of Documents. On January 18, 2006, Magistrate Judge Donald A. Scheer entered an Order Granting Defendants' Motion to Compel Answers to Interrogatories and Requests for Production. Magistrate Judge Scheer entered sanctions against Plaintiffs in the amount of $1,200, and ordered Plaintiffs to promptly serve specific, substantive responses to outstanding discovery. In spite of this Order, "no information regarding any potential expert reports, testimony, opinions, etc., was provided." (Defs.' Reply to Pls.' Resp. at 2). Additionally, Magistrate Judge Scheer ordered the continuation of Plaintiff C. Gene Hall's deposition, where Hall testified that no expert opinions had been obtained regarding his alleged damages. (*See* Defs.' Reply to Pls.' Resp., Ex. B at 10-16 and Ex. C at 1-3).

At the hearing on August 14, 2006, counsel for Plaintiffs acknowledged that he had not sought a report from *any* expert because he was reluctant to incur the expense in light of the Defendants' pending motion for summary judgment. Plaintiffs have filed a Cross-Motion to amend the Scheduling Order to provide "Plaintiffs additional time to serve their expert report and [to] permit Defendants the opportunity to serve their expert report(s) or depose Plaintiffs' expert prior to trial." (Pls.' Resp. at 6). Notably, Plaintiffs did not file this Cross-Motion until June 16, 2006, which is after the May 15, 2006, deadline to file motions set by the Amended Scheduling Order, and only in response to Defendants' Motion to Strike. With a jury trial currently scheduled for the months of September/October 2006, Plaintiffs did not offer a date by which they intend to submit their expert report. Thus, it is apparent that

4

Plaintiffs have not only failed to obey the Court's September 7, 2005, Scheduling Order, but that they have also failed to show good cause in their request to extend discovery. Consequently, Plaintiffs' Cross-Motion to Amend the Scheduling Order shall be denied.

In addition, Plaintiffs have failed to prove how their own actions may have been harmless. Plaintiffs argue that, "Defendants alleged no specific prejudice or any reason why any prejudice could not be cured." (Pls.' Resp. at 2). Plaintiffs rely on *Freeland v. Amigo*, 103 F.3d 1271 (6th Cir. 1997), in support of their assertion that their "expert report can be served and the expert deposed without any prejudice to Defendants or postponement of trial." (Pls.' Resp. at 2). However, Plaintiffs' reliance on *Freeland* is misplaced because, in that case, the sanction in question arose under 37(b) where prejudice, and not harmlessness, is a factor used for a Rule 37 sanction. *See, e.g.*, *Vance*, 1999 WL 455435 at *6 (noting that the plaintiffs' reliance on *Freeland* was misplaced because sanction in question arose under 37(b)).

Plaintiffs here have failed to offer a substantial justification for their delay in specifically identifying an expert witness for damages, their inability to submit an expert report at this time, and that such failure is harmless to Defendants. Plaintiffs have requested a sanction less "draconian" than the exclusion or dismissal of their expert testimony because their failure to comply with Defendants' discovery requests was due to negligence and not bad faith. (Pls.' Resp. at 2). However, negligence does not equate to harmlessness (i.e., an honest mistake coupled with sufficient knowledge on the part of the other party), nor does it substantiate a proper justification as required by Rule 37(c). *Sommer*, 317 F.3d at 692; *Vance*, 1999 WL 455435 at *5.

5

Although the exclusion of expert testimony is a harsh sanction, this Court recognizes that "[d]istrict courts have broad discretion to exclude untimely disclosures of expert-witness testimony." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000). Additionally, "the exclusion of evidence under Rule 37(c)(1) is proper even when the exclusion makes 'it much more difficult, perhaps almost impossible, for [the violating party] to rebut [the opposing party's] damages calculation." *In re John Richards Homes Bldg. Co.,* 312 B.R. 849, 863 (E.D. Mich. 2004) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Given Plaintiffs' continued lack of specificity, untimely discovery proceedings, and their failure to prove harmlessness or provide a substantial justification for such noncompliance, it is clear that such conduct warrants the exclusion of any expert witness and/or testimony not specifically identified and/or provided at this time. Therefore, Defendants' Motion to Strike Plaintiffs' Expert Witnesses and to Preclude Expert Testimony at Trial shall be granted.

**SO ORDERED.**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Dennis M. Rauss, Esq.
Thomas S. Michael, Esq.