UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C. GENE HALL, an individual,
FINANCIAL PLANNING COUNSELORS,
INC., a Michigan corporation, and THE
HALL FAMILY TRUST DATED MARCH
26, 1985, a Florida trust,                                            Case No. 02-70625

       Plaintiffs,                                            Honorable Patrick J. Duggan

v.

JEFFREY C. FUREST, an individual,
WILLIAM F. FUREST, JR., an individual,
and FUREST, FUREST SERVICES, INC.
d/b/a FIRST FINANCIAL SERVICES,
jointly and severally,

       Defendants.
_____/

## ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 12, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On August 16, 2006, this Court granted Defendants' amended motion to strike Plaintiffs' expert witness and to preclude expert testimony at trial. Presently before the Court is Plaintiffs' motion for reconsideration of this Order.

As Plaintiffs acknowledge in their motion, to be entitled to reconsideration, they must demonstrate "a palpable defect by which the Court and the parties have been misled

[and] also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(g)(3). Plaintiffs' motion fails to meet these requirements. The arguments presented in Plaintiffs' motion for reconsideration are basically the same arguments they presented in opposition to Defendants' motion to strike the expert witnesses and prevent expert testimony. Essentially Plaintiffs again argue that because they identified Stout Risius Ross on January 16, 2006, "as being the firm to be retained to provide expert review for Plaintiffs' damages," they have met the requirements for being entitled to provide expert testimony at trial.[1]

Federal Rule of Civil Procedure 26(2)(A) provides that, "in addition to the disclosures required by Paragraph (1)[2] a party shall disclose . . . the identify of any [expert] who may be used at trial . . . ." Rule 26(2)(b) provides that such "disclosure shall ... be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and

---

[1]Plaintiffs had previously identified "Glenn Sheets" of Stout Risius Ross as a witness. However, it is apparent that Plaintiffs no longer intend to limit their expert testimony to Mr. Sheets, if in fact, they intend to use him at all.

[2]Plaintiffs contend that at the initial scheduling conference, the Court indicated that the parties did not have to comply with Federal Rule of Civil Procedure 26. The Court, however, was responding to counsel's inquiry as to whether the Court required the parties to comply with the initial disclosure requirements of Rule 26(a)(1), which requires certain disclosures to "be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order . . . ." Because a scheduling order had been adopted setting forth the time for all discovery, the Court informed the parties that, if they were in agreement, the Court would not insist on compliance with the "initial" disclosure requirement of Rule 26(a)(1). The parties indicated to the Court that they believed these initial disclosures would be provided through the usual discovery process. At no time did the Court even suggest that compliance with the other provisions of Rule 26 would not be required. As counsel knows, the Court cannot eliminate the requirements set forth in the Federal Rules of Civil Procedure.

reasons therefor; . . . ." FED. R. CIV. P. 26(2)(B). It is inconceivable to this Court that an attorney, familiar with the Court rules and trial practice, could even believe that he had no obligation to provide opposing counsel with the specific name of a proposed expert and provide a copy of the report required by Rule 26 (2)(b).

In this case, not only did Plaintiffs fail to identify their proposed damages expert and fail to provide the required report, but at the hearing on August 14, 2006– which was a day before the scheduled final pretrial conference– Plaintiffs' counsel informed the Court and opposing counsel that he had no idea what damages his client suffered and that, in fact, he had not even engaged Stout Risius Ross. Counsel explained: "I was waiting until we got our final trial date, and I was going to hire him as we got near the end." When the Court asked counsel why he would wait until he got a trial date, counsel simply responded: "They are very expensive." Trial was scheduled to take place during the Court's September/October 2006 trial term.

Plaintiffs suggest that Defendants could have scheduled the deposition of their damages expert. Certainly, however, Defendants should not have been required to schedule a deposition of a witness whose name they did not know, whose report they did not have, and whose determination of damages had never been disclosed.

For the reasons set forth above, Plaintiffs' motion for reconsideration of this Court's

Order striking Plaintiffs' expert witness and precluding expert testimony at trial is

**DENIED.**

 **SO ORDERED.**

             s/PATRICK J. DUGGAN
             UNITED STATES DISTRICT JUDGE

Copies to:
Dennis M. Rauss, Esq.
Thomas S. Michael, Esq.