UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C. GENE HALL, an individual,
FINANCIAL PLANNING COUNSELORS,
INC., a Michigan corporation, and THE
HALL FAMILY TRUST DATED MARCH
26, 1985, a Florida trust,                               Case No. 02-70625

       Plaintiffs,                              Honorable Patrick J. Duggan

v.

JEFFREY C. FUREST, an individual,
WILLIAM F. FUREST, JR., an individual,
and FUREST, FUREST SERVICES, INC.
d/b/a FIRST FINANCIAL SERVICES,
jointly and severally,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION AND DENYING DEFENDANTS' MOTION FOR
RECONSIDERATION**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, of February 2, 2007.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

On February 15, 2002, Plaintiffs filed a twelve-count complaint against Defendants

arising out of a failed joint venture between the parties which would have allowed C.

Gene Hall, an insurance agent, to transfer his current clients to Defendants and retire.  On

October 17, 2006, this Court granted Defendants' motion for summary judgment as to all

counts except Count II (Promissory Estoppel).  Presently before this Court are Plaintiffs'

and Defendants' motions for reconsideration, which were both filed on October 27, 2006.

Pursuant to Eastern District of Michigan Local Rule 7.1(g)(2) the Court allowed the

parties an opportunity to respond to the respective motions for reconsideration.

## II.   Standard of Review

Motions for reconsideration are governed by Eastern District of Michigan Local

Rule 7.1(g)(3), which provides:

> (3)   Grounds.  Generally, and without restricting the court's discretion, the
> court will not grant motions for rehearing or reconsideration that merely
> present the same issues ruled upon by the court, either expressly or by
> reasonable implication.  The movant must not only demonstrate a palpable
> defect by which the court and the parties have been misled but also show that
> correcting the defect will result in a different disposition of the case.

The Court will grant a motion for reconsideration if the moving party shows: (1) a

"palpable defect," (2) that the defect misled the Court and the parties, and (3) that

correcting the defect will result in a different disposition of the case.  *Sundberg v. Keller*

*Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002).  A palpable defect is one which is

obvious, clear, unmistakable, manifest, or plain.  *Fleck v. Titan Tire Corp.*, 177 F. Supp.

2d 605, 624 (E.D. Mich. 2001).

## III.   Applicable Law and Analysis

### A.   Plaintiffs' Motion for Reconsideration

Plaintiffs ask the Court to reconsider its grant of summary judgment with respect

Count I (Breach of Contract) and Count III (Breach of Fiduciary Duties) of their

Complaint.

First, with respect to their breach of contract claim, Plaintiffs contend that the Court should reconsider its prior Opinion holding that there is no genuine issue of fact as to whether the May 3, 1999 letter was an enforceable contract. Specifically, Plaintiffs contend that the Court failed to apply an objective standard when the Court determined that the May 3, 1999 letter was not a contract. Defendants contend that Plaintiffs proffered the same evidence they rely upon here in their response to Defendants' motion for summary judgment.

In finding that no genuine issue of fact existed as to whether the May 3, 1999 letter was a legally enforceable contract, the Court looked to the language of the letter itself as required by *Siegel v. Spinney*, 141 Mich. App. 346, 350, 367 N.W. 2d 860, 862 (1985).[1] According to the express language of the May 3, 1999 letter, this Court believed, and continues to believe, that the letter is not a contract; it did not include all the parties and did not require the parties to perform or refrain from performing certain actions. Moreover, the Court does not believe that the May 3, 1999 letter constitutes a contract to make a contract. As stated in its October 17, 2006 Opinion, "[t]o be enforceable, a contract to enter into a future contract must specify all its material and essential terms and leave none to be agreed upon as the result of future negotiations." *Heritage v. Wilson*, 170 Mich. App. 812, 819 (1988). The May 3, 1999 letter, on its face, states that certain material and essential terms, namely the value of the buy-sell agreement, were to be

---

[1]In *Siegel*, the Court stated that "meeting of the minds is judged by an objective standard, looking to the *express words* of the parties and their visible acts." *Siegel*, 141 Mich. App. at 350, 367 N.W.2d at 862 (emphasis added).

3

determined at a later date. Therefore, because Plaintiffs merely present the same issues already ruled upon by this Court and they fail to demonstrate a "palpable defect" by which the Court has been misled, their motion for reconsideration as to their breach of contract claim must fail.

Second, with respect to their breach of fiduciary duty claim, Plaintiffs contend that they have produced facts demonstrating the existence of a fiduciary duty and a breach. Furthermore, Plaintiffs contend that the Court should vacate its grant of summary judgment with respect to their breach of fiduciary duty claim because the Court improperly weighed evidence. This Court disagrees. The Court considered the evidence presented by both parties and made all justifiable inferences in favor of Plaintiffs. In doing so, the Court held that even assuming that a fiduciary relationship existed between the parties, Plaintiffs failed to point to any evidence of a breach. (10/17/06 Op. at 14-15). Therefore, because Plaintiffs have failed to "demonstrate a palpable defect by which the court and the parties have been misled," their motion for reconsideration with respect to their breach of fiduciary duty claim must also fail.

### B.    Defendants' Motion for Reconsideration

Like Plaintiffs, Defendants assert two bases for seeking reconsideration. First, Defendants seek reconsideration of the Court's denial of summary judgment as to Count II (Promissory Estoppel) of Plaintiffs' Complaint. Defendants contend that reconsideration is appropriate because the May 3, 1999 letter did not contain a promise and even if it did, there is no evidence that Plaintiffs detrimentally relied on such a promise. Second, Defendants contend that the Court failed to address its argument that

4

the only proper parties to this action are C. Gene Hall and First Financial Services.

First, this Court does not believe that reconsideration is warranted with respect to the Court's denial of summary judgment as to Plaintiffs' promissory estoppel claim. In denying summary judgment, the Court stated that: "[b]ased on the present record, this Court is not prepared to conclude, as a matter of law, that this 'statement' by Furest could not constitute a promise supporting Plaintiffs' claim for promissory estoppel." (10/17/06 Op. at 14). Although not explicitly stated, the Court determined that a genuine issue of fact existed as to whether the specified statement amounted to a promise. Thus, this Court does not believe it was misled by a "palpable defect."

Furthermore, Defendants contend that this Court's findings with respect to its grant of summary judgment on Plaintiffs' breach of contract claim are inconsistent with its determination that a genuine issue of fact exists with respect to the promissory estoppel claim. As provided in Defendants' brief in support of their motion for summary judgment, "[p]romissory estoppel . . . substitutes for consideration in a case where there are no mutual promises." *Huhtala v. Travelers Ins. Co.*, 401 Mich. 118, 133, 257 N.W.2d 640, 647 (1977). As indicated in its Opinion, one reason the Court concluded that the May 3, 1999 letter was not a contract was that it does not "require the performance of certain actions." (10/17/06 Op. at 9). Therefore, the Court does not believe its conclusions with respect to Plaintiffs' breach of contract claim preclude it from denying summary judgment on Plaintiffs' promissory estoppel claim.

With respect to Defendants' second argument, they state:

> As addressed briefly in Defendants' previously filed Motion

for Summary Judgment, it is the position of Defendants that
Plaintiffs Financial Planning Counselors, Inc., and the Hall
Family Trust dated March 26, 1985, are not proper parties to
this action and must be dismissed.

.    .    .

Defendants cannot fairly identify a specific fact in this motion
for reconsideration which demonstrates that this Court has
somehow been misled regarding the propriety of these parties
in this action.[2] Indeed, this Court's October 17, 2006 Opinion
and Order failed to address these arguments at all.

(Dfts.' Br. in Supp. Mot. Recon. at 10-11).

Furthermore, in Defendants' motion for summary judgment, they state:

Thus, the case at bar is now comprised solely of Plaintiffs'
claims against Defendants Furest and FFS as set forth in
Counts I - VI of the complaint.  As detailed infra, the
Defendants contend that they are entitled to summary
judgment as a matter of law pursuant to Fed. R. Civ. P
12(b)(1), (6) and Fed. R. Civ. P. 56.  Moreover, Defendants
contend that FPC and the Hall Trust are not real parties in
interest pursuant to Fed. R. Civ. P. 17(a) [sic] have been
misjoined as parties.  Each should be stricken pursuant to Fed.
R. Civ. P. 21.

(Dfts.' Br. in Supp. Mot. Summ. Jdgmt. at 6).

In essence, Defendants sought dismissal of Plaintiffs' FPC and Hall Trust simply by

stating that they "are not real parties in interest pursuant to Fed. R. Civ. P. 17(a)."  These

parties were named in Plaintiffs' Complaint and in particular were named with respect to

Count II (Promissory Estoppel).  In that Count , Plaintiffs allege, "Defendant Furest and

FFS made representations and promises to Hall, FPC and the Hall Trust . . . ."  (Compl.

¶43).  Defendants should be aware of the requirement that when seeking to dismiss a

_____

[2]As Defendants acknowledge in their brief, if the Court has not been misled, then
Defendants are not entitled to reconsideration.

plaintiff, either pursuant to Rule 12(b)(6) or Rule 56, a defendant must set forth a basis for that dismissal.  A simple assertion that "they are not real parties in interest and have been misjoined as parties" will not suffice.  The motion filed by Defendants did not set forth any arguments in support of the dismissal of FPC and Hall Trust, and thus, the Court did not grant the motion to dismiss these Plaintiffs when it denied Defendants' motion to dismiss the promissory estoppel claim.

Moreover, Defendants, in their motion for reconsideration, set forth for the <u>first time</u> that, "Plaintiffs have made no showing of whatever type before this Court that these parties are in fact proper parties to this action, that they were in any way subject to the limited passage of the letter referenced by the Court in its Opinion and Order and/or that they have sustained damages."  (Dfts.' Br. in Supp. Mot. Recon. at 10-11).  Because Defendants did not present that argument in their original motion, it was not incumbent upon Plaintiffs to make the "showing" Defendants now argue was not made.[3] Defendants' cavalier approach to this issue did not cause the Court to be misled or commit a palpable error.

With respect to Defendants' claim that the Court should have (and still should) dismiss the claims against Jeffery Furest and William Furest as individuals, Plaintiffs

---

[3]While arguably, Defendants may not have been aware that Defendants were relying on the May 3, 1999 letter as a basis for their promissory estoppel claim, the complaint did allege that Defendants Furest and FFS made representations and promises to Hall, FPC and the Hall Trust.  (Compl. ¶43).  Rather than seek dismissal of FPC and the Hall Trust on the basis of "misjoinder," Defendants could have presented a summary judgment argument that Plaintiffs cannot produce any evidence of any "promise" made to FPC and the Hall Trust.  That would have allowed Plaintiffs, in their response to the motion for summary judgment, to specifically address that argument.

respond by contending that Defendants, in their motion for summary judgment, did not

offer any support for their arguments that Jeffery Furest and William Furest, as

individuals, should be dismissed (independent of their overall claim that all claims against

all Defendants should be dismissed).  However, in view of the Court's ruling that only the

promissory estoppel claim remains, and that it is based on the May 3, 1999 letter, the

Court will allow the parties to address, at final pretrial, the issue of whether any parties

other than the parties to the May 3rd letter should be parties to this lawsuit.

    Accordingly,

    **IT IS ORDERED**, that Plaintiffs' motion for reconsideration is **DENIED**;

    **IT IS FURTHER ORDERED**, that Defendant's motion for reconsideration is

**DENIED**.

                        s/PATRICK J. DUGGAN
                        UNITED STATES DISTRICT JUDGE

Copies to:
Dennis M. Rauss, Esq.
Thomas S. Michael, Esq.