UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C. GENE HALL, an individual,
FINANCIAL PLANNING COUNSELORS,
INC., a Michigan corporation, and THE
HALL FAMILY TRUST DATED MARCH
26, 1985, a Florida trust,

    Plaintiffs,

v.                                            Case No. 02-70625

JEFFREY C. FUREST, an individual,     Honorable Patrick J. Duggan
WILLIAM F. FUREST, JR., an individual,
FUREST, FUREST SERVICES, INC. d/b/a
FIRST FINANCIAL SERVICES, a
Michigan Corporation, JEFFERSON PILOT
FINANCIAL INSURANCE COMPANY, a
Non-Michigan Corporation, JEFFERSON
PILOT SECURITIES CORPORATION, a
Non-Michigan Corporation, and FREDERIC
KENNY, an individual, jointly and
severally,

    Defendants.
_____/

## **OPINION**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 24, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On February 15, 2002, Plaintiffs filed a twelve-count complaint against Defendants

arising out of a failed joint venture between the parties which would have allowed

Plaintiff C. Gene Hall, an insurance agent, to transfer his current clients to Defendants and retire. As a result of Opinions and Orders addressing two pre-trial motions, the Court has dismissed all but one claim, a state law claim for promissory estoppel. During a final pre-trial conference held on March 20, 2007, it was brought to the Court's attention that it may no longer have subject matter jurisdiction to conduct a trial on the remaining claim. Subsequently, counsel for Plaintiff sent a letter to the Court indicating that Plaintiff wished to have the case dismissed. Counsel for Defendant responded that Defendant objects to the dismissal. At this time, the Court will determine whether it has subject matter jurisdiction to conduct a trial on the remaining claim.

## I. Background

Plaintiffs' Complaint contains the following jurisdictional allegations:

> 10. The amount in controversy in this lawsuit between citizens of different States, exclusive of interest and costs, exceeds $75,000.00. Jurisdiction is therefor proper pursuant to 28 USC 1332(a).
>
> 11. In addition, some of the claims in this lawsuit arise under the laws of the United States. Jurisdiction is therefor proper pursuant to 28 USC 1331.

(Compl. ¶¶ 10-11.) The citizenship of each of the original named parties was also alleged. The original named Plaintiffs were alleged to be citizens of Florida and Michigan.[1] The original named Defendants were alleged to be citizens of Michigan and

---

[1] More specifically, Plaintiff C. Gene Hall was alleged to be a citizen of Florida. (Compl. ¶ 1.) Plaintiff Financial Planning Counselors, Inc. was alleged to be a citizen of both Michigan (state of incorporation) and Florida (principal place of business). (*Id.* ¶ 2.) Finally, Plaintiff The Hall Family Trust, dated March 26, 1985, was alleged to be a citizen of Florida. (*Id.* ¶ 3.)

New Hampshire.[2]

On December 17, 2004, this Court, in an Opinion and Order, granted Defendants' motion to enforce the arbitration decision and dismissed all claims against former defendants Jefferson Pilot Financial Insurance Company, Jefferson Pilot Securities Company, and Frederic Kenny. In addition to dismissing these former defendants, the Court dismissed Counts VII through XII of Plaintiffs' Complaint, which included four counts brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. Thus, after the December 17, 2004 Opinion and Order, the following state law causes of action against Defendants Jeffery C. Furest, William F. Furest, Jr., and First Financial Services remained: Count I (Breach of Contract); Count II (Promissory Estoppel); Count III (Breach of Fiduciary Duties); Count IV (Accounting); Count V (Fraud and Negligent Misrepresentation); and Count VI (Tortious Interference). On January 13, 2005, Plaintiffs appealed this Court's December 17, 2004 Opinion and Order. (Docket No. 27.) Over seven months later, on August 15, 2005, Plaintiffs' appeal was voluntarily dismissed. (Docket No. 40.)

Subsequently, in an Opinion issued on October 17, 2006, the Court granted the remaining Defendants' motion for summary judgment as to all the remaining state law claims except Count II (Promissory Estoppel). These claims were dismissed in an Order

---

[2]Former defendant Frederic Kenny and Defendants Jeffrey C. Furest, William F. Furest, and First Financial Services, Inc. (both state of incorporation and principal place of business) were alleged to be citizens of Michigan. (Compl. ¶¶ 4-6, 9.) Former defendants Jefferson Pilot Securities Corporation and Jefferson Pilot Financial Insurance Company were alleged to be citizens of New Hampshire. (*Id.* ¶ 7-8.)

issued on the same day.

After the Court issued an Opinion and Order denying motions for reconsideration of the October 17, 2006 Opinion and Order and the Court held a final pre-trial conference, counsel for Plaintiffs, in an April 16, 2007 letter, informed the Court that "[a]ll of the Defendants are residents of the State of Michigan" and "[i]t was recently ascertained that Plaintiff Financial Planning Counselors, Inc. . . . is a Michigan corporation." (Letter at 2.) Thus, despite being pled as a basis for subject matter jurisdiction, Plaintiffs state that "[d]iversity [j]urisdiction does not exist." (*Id.* 1-2.) Moreover, Plaintiffs state that "it appears that there has been no [f]ederal [s]ubject [m]atter jurisdiciton since the dismissal of the RICO [c]laims in this lawsuit." (*Id.* at 2.)

## II. Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)(citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37, 112 S. Ct. 1076, 1080 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331 (1986)). Even if the issue is not raised by a party, a federal court "has an independent obligation to determine whether [it] has subject matter jurisdiction." *Todd v. Weltman, Weinberg, & Reis Co., LPA*, 434 F.3d 432, 435 (6th Cir. 2006); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Granholm*, 475 F.3d 805, 811 (6th Cir. 2007). The party invoking a federal court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006).

Based on the allegations in Plaintiffs' Complaint, this case involves two common types of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. The Court will analyze both types of subject matter jurisdiction separately. Furthermore, the Court will also analyze whether it is appropriate to exercise supplemental jurisdiction over the remaining state law claim.

### A. Diversity Jurisdiction

"Congress 'has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens,' 'to provide a neutral forum for what have come to be known as diversity cases.'" *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821-22 (6th Cir. 2006)(quoting *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 2617 (2005)); *see* 28 U.S.C. § 1332. The Supreme Court has "consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."[3] *Exxon Mobil Corp.*, 545 U.S. at 553, 125 S. Ct. at 2617 (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267 (1806)). For purposes of diversity jurisdiction, a natural person is a citizen of the state in which he or she is domiciled.[4]

---

[3]In addition to complete diversity, a party invoking diversity jurisdiction must also allege that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Because complete diversity is lacking, it is unnecessary to discuss the amount in controversy requirement in this case.

[4]"To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of

5

*Safeco Ins. Co. v. City of Whitehouse, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994). A corporation, on the other hand, is a citizen of both of the "State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).

As stated above, Plaintiffs' Complaint alleges that this Court has diversity jurisdiction. (*See* Compl. ¶ 10.) Nevertheless, it is apparent from Plaintiffs' allegations pertaining to the citizenship of each party that complete diversity was lacking.[5] Plaintiffs alleged in their Complaint, which was filed on February 15, 2002, that Plaintiff Financial Planning Counselors, Inc. is incorporated in Michigan. (*Id.* ¶ 2.) Furthermore, four of the six originally named defendants were also alleged to be citizens of Michigan. (*Id.* ¶¶ 4-6, 9.) Therefore, because there was never complete diversity, this Court never had original diversity jurisdiction over this action.

### B. Federal Question Jurisdiction

With respect to federal question jurisdiction, "Congress has provided district courts with subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 517-18 (6th Cir. 2006). "A claim arises under federal law when 'the plaintiff's statement of his own cause of action shows it is based upon [federal] laws or [the federal]

---

an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973)(citations omitted).

[5]The Court's use of the past tense is intended, because it is well-established that subject matter jurisdiction is based on "the state of things at the time of the action brought . . . ." *Smith v. Sperling*, 354 U.S. 91, 93 n.1, 77 S. Ct. 1112, 1114 (1957)(quoting *Mullen v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)).

Constitution.'" *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006)(quoting *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 43 (1908))(alterations in original).

In addition to pleading diversity jurisdiction, Plaintiffs pled federal question jurisdiction. (*See* Compl. ¶ 11 (stating that "some of the claims in this lawsuit arise under the laws of the United States").) Although later dismissed, four counts of Plaintiffs' Complaint were brought pursuant to RICO. (*See* Compl. Counts IX– XII.) Thus, because four of the Plaintiffs' originally pled counts arose under a federal statute, this Court had federal question jurisdiction at the time Plaintiffs filed their Complaint.

### C. Supplemental Jurisdiction

When a federal district court has original jurisdiction, the court must exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see* 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 106.61 (3d ed. 1997)(stating that the word "shall" in 28 U.S.C. 1367(a) is construed "to mean that a federal court must exercise supplemental jurisdiction if it is found to exist . . . ."). "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'" *Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004)(quoting *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir. 1996)). In limited cases, federal courts can decline to exercise of supplemental jurisdiction. 16 MOORE'S FEDERAL PRACTICE § 106.61 (stating that the exercise of supplemental jurisdiction is mandatory,

"unless one of the exceptions in [28 U.S.C. § 1367(c)] applies"). The discretion afforded to district courts in determining whether to exercise supplemental jurisdiction is set forth in 28 U.S.C. § 1367(c).[6]

The Court believes that given the considerable amount of time and effort already expended in this case, judicial economy weighs in favor of retaining jurisdiction over the one remaining state law claim. This case has been pending for over five years. The procedural history has been lengthy: 24 orders have been entered,[7] 11 motions have been filed,[8] and 10 hearings and conferences have been held.[9] *See Miller Aviation v. Milwaukee County Bd. of Supervisors*, 273 F.3d 722, 731 (7th Cir. 2001)(holding that after dismissal of federal claims, it was an abuse of discretion for the district court to remand remaining state law claims when case was pending for more than five years and "the district court considered 22 motions, held 9 hearings, and issued 19 orders, including

---

[6] 28 U.S.C. 1367(c) provides:
> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiciton,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

[7] Seven of the 24 orders were issued as a result of motions filed by the parties, including one order issued as a result of a dispositive motion. *See* E.D. Mich. LR 7.1(d).

[8] One of these motions, a motion *in limine* filed by Defendants on March 20, 2007, is still pending.

[9] Five of the ten hearings and conferences were motion hearings. The other five were pre-trial conferences dealing with scheduling and the like.

[a] 71-page decision [that was appealed]"). For these reasons, the Court will retain jurisdiction over Plaintiffs' remaining promissory estoppel claim.

## III. Conclusion

Despite being pled as a basis for subject matter jurisdiction, there was never complete diversity of citizenship among the parties; thus, this Court did not have original diversity jurisdiction over Plaintiffs' Complaint. This Court did, however, have federal question jurisdiction as Plaintiffs' Complaint contained four counts brought pursuant to RICO. Although all of the claims over which this Court had federal question jurisdiction have been dismissed, this Court concludes that in the interests of judicial economy it is appropriate to retain supplemental jurisdiction over the one remaining state law claim.

s/PATRICK J. DUGGAN<br>
UNITED STATES DISTRICT JUDGE

Copies to:
Dennis M. Rauss, Esq.
Thomas M. Michael, Esq.